James F. Bishop, Administrator, Plaintiff in Error, v. Chicago Railways Company, Defendant in Error.

Gen. No. 22,646.   (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed February 19, 1917.

## Statement of the Case.

Action by James F. Bishop, administrator of the estate of Carl O. Wiberg, deceased, plaintiff, against the Chicago Railways Company, defendant, to recover damages for the death of plaintiff's intestate from injuries sustained by his being run into by defendant's street car. From a judgment for defendant, plaintiff brings error.

EDWARD F. DUNNE, JR., DANIEL L. MADDEN and ROY C. MERRICK, for plaintiff in error.

P. L. McARDLE and FRANK L. KRIETE, for defendant in error; W. W. GURLEY and J. R. GUILLIAMS, of counsel.

MR. JUSTICE DEVER delivered the opinion of the court.

## Abstract of the Decision.

1. STREET RAILROADS, § 97*—*when pedestrian crossing street is guilty of contributory negligence which is proximate cause of his death.* In an action to recover damages for death resulting from injuries by being struck by a street car, where it appeared the deceased was thirty-three years old, with good sight and hearing, that his view on the street was unobstructed, and that he attempted to cross the street rapidly midway between two inter-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

secting streets in front of a car which was approaching at a high rate of speed, *held* that ordinary prudence should have warned the deceased that death or injury was almost certain to result to him under such circumstances, and that he was guilty of negligence which proximately contributed to his death and precluded recovery against the owner of such street car.

2. CORONERS, § 2*—*what is power of jury.* A coroner's jury has no power to fix civil liability.

3. EVIDENCE, § 232*—*when part of coroner's verdict is inadmissible.* As a coroner's jury has no power to fix civil liability, that part of a verdict admitted in evidence which stated that they found the accident causing the death of the deceased could have been avoided had the motorman of the car which struck and killed the deceased exercised greater care, *held* properly excluded, in an action to recover damages for such death.